# UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF ARKANSAS
POST OFFICE BOX 1525
FORT SMITH, ARKANSAS 72902
(479) 783-7045    FAX (479) 783-8671

BEVERLY STITES JONES
MAGISTRATE JUDGE

RECEIVED
2006 FEB 24  A 10 34
US ATTORNEY'S OFFICE
FORT SMITH, AR

February 23, 2006

Mr. Jack Schisler
Deputy Federal Public Defender
38 West Trenton Blvd., Suite 101
Fayetteville, AR 72701

Ms. Deborah F. Groom
Assistant U.S. Attorney
P.O. Box 1524
Ft. Smith, AR 72901

Re:  USA v. Fischer, 05-50057-001
     and Civil No. 05-5031

Dear Attorneys:

The purpose of this letter is to explain a potential issue regarding the claim of denial of appeal not covered in your briefs and solicit your letter responses.

Fischer and the United States takes opposite views on whether Fischer directed Rose to file an appeal. (Both agree Fischer did not tell Rose not to file an appeal.) If I find that Fischer did so direct, Fischer wins and resentencing takes place followed by an appeal. However, if I find that Fischer did not direct his attorney to file an appeal in their exchange immediately after sentencing, that is not the end of the inquiry according to *Roe v. Flores-Ortega*, 528 U.S. 470 (2000). *Flores-Ortega* involved a case where the defendant had not clearly conveyed his wishes one way or the other. The Court held that in such cases counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal) or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. *Id.* at 480. The Court observed that the duty to counsel will attach in the vast majority of cases. *Id.* at 481. Besides showing that counsel performed deficiently by failing to consult, the defendant must also demonstrate that, but for counsel's deficient performance, he would have appealed. *Id.* at 484.

"A"

I invite each of you discuss in letter briefs the applicability of *Flores-Ortega* should I find that Fischer did not clearly convey his wishes one way or the other. The briefs are due on or before March 10, 2005.

Sincerely,

*Beverly Stites Jones*

Beverly Stites Jones

BSJ/jk

cc:   Office of the District Clerk
      Fayetteville, Arkansas

      Mr. Walter W. Fischer #06253-010
      FPC - Texarkana
      P.O. Box 9300 S
      Texarkana, TX 75505-9300